IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAMAR O'NEIL COLEMAN,**

      **Plaintiff,**

v.                                         Civil Action No. 3:21cv425

**JASON WILSON,** *et al.*,

      **Defendants.**

## **MEMORANDUM OPINION**

Plaintiff Lamar O'Neil Coleman, a Virginia detainee proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Coleman's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* (ECF No. 1.) Accordingly, by Memorandum Order entered on September 15, 2021, the Court directed Coleman to submit a particularized complaint within fourteen (14) days of the date of entry thereof. (ECF No. 6, at 2.) The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action. (*Id.* 3.)

More than fourteen (14) days have elapsed since the entry of the September 15, 2021 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the September 15, 2021 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 11-30-21
Richmond, Virginia

M. Hannah Lauck
United States District Judge